1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE GOINGS,

11              Petitioner,                No. CIV S-08-2135 WBS CHS P

12        vs.

13   DENNIS K. SISTO, et al.,

14              Respondents.               <u>ORDER</u>

15   _____/

16              Petitioner, a state prisoner proceeding pro se, challenged the execution of his

17   sentence in a petition for writ of habeas corpus which was denied by this court in an order filed

18   on January 5, 2010.  Petitioner filed a timely notice of appeal and his appeal was processed to the

19   United States Court of Appeals for the Ninth Circuit.

20              On September 13, 2010, the case was remanded to this court for the limited

21   purpose of granting or denying a certificate of appealability in light of *Hayward v. Marshall*, 603

22   F.3d 546, 554 (9th Cir. 2010) (9th Cir. 2010) (en banc) (overruling portions of earlier cases that

23   relieved a prisoner from obtaining a certificate of appealability to review the denial of a habeas

24   petition challenging an administrative decision to deny parole).

25              A certificate of appealability may issue under 28 U.S.C. § 2253 "if the applicant

26   has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

                                          1

The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'"  *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).[1]

Here, for the reasons set forth in the magistrate judge's findings and recommendations filed December 3, 2009, the state court's determination that the evidence was sufficient to support the Board of Parole Hearings' conclusion that petitioner was unsuitable for parole wass neither contrary to, nor an unreasonable application of, clearly established federal law.   Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to any of the issues presented regarding the state parole authority's decision to deny parole.  A certificate of appealability shall not issue in this case.

IT IS SO ORDERED.

DATED:  September 16, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause.  *Jennings*, at 1010.